

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DANA DEMIER MINOR,

      Defendant.

_____/

Case: 2:26-cr-20246
Assigned To : Parker, Linda V.
Referral Judge: Patti, Anthony P.
Assign. Date : 4/29/2026
Description: IND USA V MINOR (MRS)

Violations:
18 U.S.C. §§ 1344(2), 1028(A)

## INDICTMENT

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

At times relevant to this Indictment:

### The Defendant and Relevant Entities

1. Defendant DANA DEMIER MINOR ("MINOR") was a resident of the Eastern District of Michigan.

2. Lowes was a home improvement chain headquartered in Mooresville, North Carolina that maintained stores located in the Eastern District of Michigan and elsewhere.

3. Synchrony Bank was a financial institution, the deposits of which were insured by the FDIC. It conducted business in the Eastern District of Michigan and

1

elsewhere. Synchrony Bank issued store-branded credit cards for Lowes, which provided various benefits for regular Lowes shoppers.

### Purpose of the Scheme to Defraud

4.      The purpose of the scheme to defraud was for the defendant to obtain money and enrich himself by making materially false and fraudulent representations to Synchrony Bank, who would then extend him credit to make purchases at Lowes.

### The Scheme to Defraud

5.      As part of the scheme to defraud, the defendant caused materially false and fraudulent representations to be made to Synchrony Bank, including materially false and fraudulent representations relating to the identity of the individual actually making the purchases for goods at Lowes.

6.      As part of the scheme to defraud, the defendant caused materially and false and fraudulent representations to be made to Synchrony Bank, including materially false and fraudulent representations relating to his authorization to make purchases at Lowes on behalf of private companies.

## COUNTS ONE THROUGH THIRTEEN

### (18 U.S.C. §§ 1344(2)—Bank Fraud)

7.      Paragraphs 1 through 6 of this Indictment are realleged and incorporated by reference as though fully set forth herein

8.     Between approximately January 2023 and approximately June 2025, in the Eastern District of Michigan and elsewhere, Minor, as specified below, did knowingly execute a scheme and artifice to obtain monies and funds under the custody and control of a financial institution by means of materially false and fraudulent pretenses, representations, and promises.

**Executions of the Scheme and Artifice**

9.     On or about the dates specified as to each count below, in the Eastern District of Michigan, and elsewhere, the defendant did execute, and cause the execution of, the aforesaid scheme and artifice to obtain monies and funds under the custody and control of Synchrony Bank, a financial institution, as that term is defined in Title 18, United States Code, Section 20:

| Count | Approximate Date | Acc Holder | Description of Execution |
|---|---|---|---|
| 1 | January 11, 2023 | R.R. | Purchase of $6,224.25 at Lowes |
| 2 | January 12, 2023 | R.R. | Purchase of $7,457.55 at Lowes |
| 3 | January 13, 2023 | R.R. | Purchase of $5,128.51 at Lowes |
| 4 | January 14, 2023 | R.R. | Purchase of $10,813.02 at Lowes |
| 5 | January 15, 2023 | R.R. | Purchase of $4,213.44 Lowes |
| 6 | January 31, 2023 | J.P. | Purchase of $6,270.89 at Lowes |
| 7 | February 9, 2023 | A.C. | Purchase of $3,124.81 at Lowes |
| 8 | February 21, 2023 | M.S. | Purchase of $6,194.19 at Lowes |
| 9 | February 21, 2023 | M.S. | Purchase of $3,330.94 at Lowes |
| 10 | June 14, 2024 | Co- 1 | Purchase of $2,445.95 at Lowes |
| 12 | June 15, 2025 | Co-2 | Purchase of 2,768.51 at Lowes |
| 13 | September 2, 2024 | Co-3 | Purchase of $5,065.95 at Lowes |

All in violation of Title 18, United States Code, Sections 1344(2) and 2.

4

## COUNT FOURTEEN

### (18 U.S.C. § § 1028(A)—Aggravated Identity Theft)

On or about February 9, 2023, in the Eastern District of Michigan, and elsewhere, the defendant, Dana Demier Minor, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, A.C. during and in relation to a felony violation enumerated in 18 U.S.C. § 1028(A)(C), to wit, (18 U.S.C. § 1344), as alleged in Count Seven of this Indictment, knowing that the means of identification belonged to another actual person.

## COUNT FIFTEEN

### (18 U.S.C. § § 1028(A)—Aggravated Identity Theft)

On or about February 20, 2023, in the Eastern District of Michigan, and elsewhere, the defendant, Dana Demier Minor, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, M.S. during and in relation to a felony violation enumerated in 18 U.S.C. § 1028(A)(C), to wit, (18 U.S.C. § 1344), as alleged in Count Eight of this Indictment, knowing that the means of identification belonged to another actual person.

## FORFEITURE ALLEGATIONS
### 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c), 18 U.S.C. 982(a)(2)

10.    The allegations contained in Counts One through Eighteen of this Indictment are incorporated by reference for the purpose of alleging forfeiture pursuant to the

provisions of 18 U.S.C. 981(a)(1)(C) together with 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(2).

11.     **Money Judgment**: Such property further includes, but is not limited to, a money judgment in an amount to be determined, representing the proceeds the defendant obtained as a result of such violations.

12.     **Substitute Assets**:  Pursuant to 18 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), each defendant shall forfeit substitute property, up to the value of the properties identified for forfeiture, if, by any act or omission of the defendant: the properties identified for forfeiture cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property which cannot be divided without difficulty.

THIS IS A TRUE BILL


*s/ Grand Jury Foreperson*
GRAND JURY FOREPERSON


JEROME F. GORGAN JR.
United States Attorney


*s/ John K. Neal*
JOHN K. NEAL
Chief, Anti-Corruption Unit

*s/ Philip A. Ross*
Philip A. Ross
Assistant U.S. Attorney

Dated:  4/29/26

| United States District Court<br>Eastern District of Michigan | Criminal Case Cove | Case: 2:26-cr-20246<br>Assigned To : Parker, Linda V.<br>Referral Judge: Patti, Anthony P.<br>Assign. Date : 4/29/2026<br>Description: IND USA V MINOR<br>(MRS) |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to comple

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** |
| ☐ Yes    ☒ No | **AUSA's Initials:**  PAR |

**Case Title:** USA v.  Dana Demier Minor

**County where offense occurred :**  Oakland

**Check One:**    ☒ Felony        ☐ Misdemeanor        ☐ Petty

✓ Indictment/____Information --- **no** prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number: 25-mj-30518    ]
____Indictment/____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

April 29, 2026
Date

s/Philip A. Ross

Philip A. Ross
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: (313) 226-9790
Fax:     (313) 226-2873
E-Mail address: philip.ross@usdoj.gov
Attorney Bar #:

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.